THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail: Victor.Rodgers@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

NO JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$1,226,460.90 IN U.S. ACCOUNT FUNDS AND $45,000.00 IN U.S. CURRENCY,<br><br>    Defendants.<br><br>WILLIAM POLK HARRINGTON II, SUDIE HILLER AND CHANDRESH B. SHAH,<br><br>    Claimants. | No. CV 07-00595 DDP(CTx)<br><br>**CONSENT JUDGMENT OF FORFEITURE AS TO THE FOLLOWING DEFENDANT ASSETS ONLY: $885,732.10 OF THE DEFENDANT $1,226,460.90 IN U.S. ACCOUNT FUNDS**<br><br>[This Proposed Consent Judgment Is Not Dispositive Of This Entire Action] |

    On or about January 25, 2007, plaintiff United States of America ("the government" or "the United States of America") filed a Complaint for Forfeiture alleging that the defendants

1 $1,226,460.90 in U.S. Account Funds and $45,000.00 in U.S. Currency
2 (collectively, the "defendants") are subject to forfeiture pursuant
3 to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).
4   On or about March 1 and 7, 2007, claimant William Polk
5 Harrington II filed a verified and amended verified claim,
6 respectively, to the defendants.  On or about April 3, 2007,
7 claimant William Polk Harrington II filed a second amended verified
8 claim to $885,732.10 of the defendant $1,226,460.90 in U.S. Account
9 Funds.  The $885,732.10 in account funds (the "Harrington-claimed
10 defendant") which are the subject matter of William Polk
11 Harrington's second amended verified claim are as follows:
12     a.   $512,308.30 in account funds seized from
13     Wachovia Bank account number XXXXXXXXX3503 in the name of
14     "The Direct Meds" with William Polk Harrington, also
15     known as Bill P. Harrington, as the sole signatory;
16     b.   $39,016.62 in account funds seized from
17     Wachovia bank account number XXXXXXXXX8926 in the name of
18     William Polk Harrington, also known as Bill P.
19     Harrington, as the sole signatory;
20     c.   $87,756.88 in account funds seized from
21     Wachovia Bank account number XXXXXXXXX8939 in the name of
22     William Polk Harrington, also known as Bill P.
23     Harrington, as the sole signatory; and
24     d.   $246,650.30 in account funds seized from
25     Wachovia Bank account number XXXXXXXXX3723 in the name of
26     Direct Meds, Inc., with William Polk Harrington, also
27     known as Bill P. Harrington, as the sole signatory.
28 / / /

On or about March 2, 2007, claimant Sudie Hiller filed a verified claim against that portion of the defendant $1,226,460.90 in U.S. Account Funds not claimed by claimant William Polk Harrington III (<u>i.e.</u>, $340,728.80 of the defendant $1,226,460.90 in U.S. Account Funds). The account funds which are the subject matter of claimant Sudie Hiller's claim are $340,728.90 in account funds seized from Wachovia Bank account number XXXXXXXXX2645 in the name of Oualie, Inc., with Sudie Turpin Hiller, also known as S.J. Turpinhiller, as the sole signatory.

On or about March 2, 2007, claimant Chandresh B. Shah filed a verified claim to defendant $45,000.00 in U.S. Currency.

Claimants William Polk Harrington II, Sudie Hiller and Chandresh B. Shah filed their respective answers to the complaint on or about March 22, 2007. No other parties have appeared in this case.

The government and claimant William Polk Harrington II have now agreed to settle this matter as to the Harrington-claimed defendant and to avoid further litigation between them by entering into this Consent Judgment of Forfeiture.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over the subject matter of this action and over the parties to this Consent Judgment of Forfeiture.

2.   As between plaintiff United States of America and claimant William Polk Harrington II, the Complaint for Forfeiture

3

states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).

3.  Notice of this action has been given as required by law. No appearances have been made in this case by any person with respect to the Harrington-claimed defendant other than claimant William Polk Harrington II.  The Court deems that all other potential claimants, except for Sudie Hiller and Chandresh B. Shah, admit the allegations of the Complaint for Forfeiture to be true as to the Harrington-claimed defendant.

4.  The Harrington-claimed defendant (i.e., $885,732.10 of the defendant $1,226,460.90 in U.S. Account Funds), plus all interest earned by the United States of America on the Harrington-claimed defendant, shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5.  Claimant William Polk Harrington II hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation, the Drug Enforcement Administration and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of

/ / /

claimant William Polk Harrington II, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6. The Court finds that there was reasonable cause for the seizure of the Harrington-claimed defendant and institution of these proceedings against the Harrington-claimed defendant. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the Harrington-claimed defendant.

7. The Court further finds that claimant William Polk Harrington II did not substantially prevail in this action, and each of the parties hereto shall bear its own attorney fees and costs.

DATED: May 13, 2008

_____
THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

## CONSENT

The parties hereto consent to the above judgment and waive any right to appeal this judgment.

DATED: April 4, 2008

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: March 13, 2008

SANGER & SWYSEN
Attorneys at Law


/s/ Catherine J. Swysen for
Robert M. Sanger
ROBERT M. SANGER

Attorneys for Claimant
WILLIAM POLK HARRINGTON II