ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section                                    NO JS-6
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569
     Facsimile: (213) 894-7177
     E-mail: victor.rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>          Plaintiff,         )<br>                              )<br>               v.             )<br>                              )<br>$1,226,460.90 IN U.S.        )<br>ACCOUNT FUNDS AND             )<br>$45,000.00 IN U.S.           )<br>CURRENCY,                     )<br>                              )<br>          Defendants.         )<br>_____)<br>                              )<br>WILLIAM POLK HARRINGTON II,  )<br>SUDIE HILLER AND CHANDRESH   )<br>B. SHAH,                      )<br>                              )<br>          Claimants.          )<br>_____)  | No. CV 07-00595 DDP(CTx)<br><br>**CONSENT JUDGMENT OF FORFEITURE AS TO THE FOLLOWING DEFENDANT ASSETS ONLY: $340,728.80 OF THE DEFENDANT $1,226,460.90 IN U.S. ACCOUNT FUNDS** |

   On or about January 25, 2007, plaintiff United States of America ("the government" or "the United States of America") filed

cc: FISCAL

1  a Complaint for Forfeiture alleging that the defendants
2  $1,226,460.90 in U.S. Account Funds and $45,000.00 in U.S. Currency
3  (collectively, the "defendants") are subject to forfeiture pursuant
4  to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).
5       On or about March 1 and 7, 2007, claimant William Polk
6  Harrington II filed a verified and amended verified claim,
7  respectively, to the defendants.  On or about April 3, 2007,
8  claimant William Polk Harrington II filed a second amended verified
9  claim to $885,732.10 of the defendant $1,226,460.90 in U.S. Account
10 Funds.  The $885,732.10 in account funds (the "Harrington-claimed
11 defendant") which are the subject matter of William Polk
12 Harrington's second amended verified claim are as follows:
13          a.   $512,308.30 in account funds seized from
14     Wachovia Bank account number XXXXXXXXX3503 in the name of
15     "The Direct Meds" with William Polk Harrington, also
16     known as Bill P. Harrington, as the sole signatory;
17          b.   $39,016.62 in account funds seized from
18     Wachovia bank account number XXXXXXXXX8926 in the name of
19     William Polk Harrington, also known as Bill P.
20     Harrington, as the sole signatory;
21          c.   $87,756.88 in account funds seized from
22     Wachovia Bank account number XXXXXXXXX8939 in the name of
23     William Polk Harrington, also known as Bill P.
24     Harrington, as the sole signatory; and
25          d.   $246,650.30 in account funds seized from
26     Wachovia Bank account number XXXXXXXXX3723 in the name of
27     Direct Meds, Inc., with William Polk Harrington, also
28     known as Bill P. Harrington, as the sole signatory.

1  On or about March 2, 2007, claimant Sudie Hiller filed a
2 verified claim against that portion of the defendant $1,226,460.90
3 in U.S. Account Funds not claimed by claimant William Polk
4 Harrington III (i.e., $340,728.80 of the defendant $1,226,460.90 in
5 U.S. Account Funds).  The account funds which are the subject
6 matter of claimant Sudie Hiller's claim are $340,728.80 in account
7 funds seized from Wachovia Bank account number XXXXXXXXX2645 in the
8 name of Oualie, Inc., with Sudie Turpin Hiller, also known as S.J.
9 Turpinhiller, as the sole signatory (the "Hiller-claimed
10 defendant").
11  On or about March 2, 2007, claimant Chandresh B. Shah filed a
12 verified claim to defendant $45,000.00 in U.S. Currency.
13  Claimants William Polk Harrington II, Sudie Hiller and
14 Chandresh B. Shah filed their respective answers to the complaint
15 on or about March 22, 2007.  No other parties have appeared in this
16 case and the time for filing claims and answers has expired.
17  On or about May 13, 2008, claimant William Polk Harrington II
18 and the government resolved their disputes relative to the
19 Harrington-claimed defendant by the filing of a consent judgment of
20 forfeiture.
21  The government and claimant Sudie Hiller have now agreed to
22 settle this matter as to the Hiller-claimed defendant and to avoid
23 further litigation between them by entering into this Consent
24 Judgment of Forfeiture.
25  The Court having been duly advised of and having considered
26 the matter, and based upon the mutual consent of the parties
27 hereto,
28 / / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and over the parties to this Consent Judgment of Forfeiture.

2. As between plaintiff United States of America and claimant Sudie Hiller, the Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in this case by any person with respect to the Hiller-claimed defendant other than claimant Sudie Hiller. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true as to the Hiller-claimed defendant.

4. The sum of $25,000.00 only (without interest) shall be returned to claimant Sudie Hiller, less any amounts the United States of America is entitled pursuant to 31 U.S.C. § 3716[1] to offset (*i.e.*, any debts owed by claimant Sudie Hiller to the United States of America or its agencies and any other debts the United States of America is authorized to collect pursuant to 31 U.S.C. § 3716). The remainder of the Hiller-claimed defendant (*i.e.*, 315,728.80), plus the interest earned by the United States of America on the entire Hiller-claimed defendant (*i.e.*, $340,728.80), shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

---

[1] 31 U.S.C. § 3716, the Debt Collection Improvement Act of 1996 requires the United States of America to offset from its payments delinquent non-tax debts owed to the United States of America and delinquent debts owed to states, including past-due child support enforced by states.

5. The funds to be returned to claimant Sudie Hiller pursuant to paragraph 4 shall be paid to claimant Sudie Hiller by electronic transfer directly into the client trust account of Neil B. Quinn, Esq. (the "client-trust account"), attorney of record for claimant Sudie Hiller in this case. Claimant Sudie Hiller (through her attorney of record Neil B. Quinn, Esq.) shall provide information as requested by plaintiff United States of America in order to complete the electronic transfer, including claimant Sudie Hiller's social security number or taxpayer identification number, the account name, number, type of account, wire transfer routing number for the client-trust account and the name and address of the bank for the client-trust account.

6. Claimant Sudie Hiller hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation, the Drug Enforcement Administration and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant Sudie Hiller.

7. The Court finds that there was reasonable cause for the seizure of the Hiller-claimed defendant and institution of these

/ / /

5

proceedings against the Hiller-claimed defendant.  Each of the parties hereto shall bear its own attorney fees and costs.

DATED: March 3, 2011

_____
THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

6

CONSENT

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right to appeal this Consent Judgment of Forfeiture.

DATED: January 18, 2011

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: January 13, 2011

NEIL B. QUINN
Attorney at Law

/s/ Neil B. Quinn
NEIL B. QUINN

Attorneys for Claimant
SUDIE HILLER